SHERROD *v.* COSTIGAN.

MARRIED WOMEN—SEPARATE ESTATE—PROMISSORY NOTES.

Whether a married woman's promissory note, which recited that it was given for value received by her since she became the sole owner of a stock of groceries formerly belonging to her deceased son, had reference to her separate estate, is a question for the jury, upon evidence that the note was in payment of rent for the store building, and that she had purchased the goods and was in possession when the note was given, and had owned the stock for a long time.

Error to Wayne; Aldrich, J., presiding. Submitted January 15, 1897. Decided February 18, 1897.

*Assumpsit* by Cyrus A. Sherrod against Therese L. Costigan and Eugene Costigan upon promissory notes. From a judgment for plaintiff, defendants bring error. Affirmed.

*George C. Green* (*E. F. Bacon*, of counsel), for appellants.

*William B. Jackson*, for appellee.

GRANT, J. The defendants are husband and wife. This suit was commenced in justice's court, based upon two promissory notes, for $63 each, upon one of which a payment had been made. The notes read as follows:

"Six months after date, I promise to pay to the order of
C. A. Sherrod $63, * * * with interest, value re-
ceived by me since I have become the sole owner of the
stock of groceries formerly belonging to the estate of C.
L. Costigan." This was signed by defendant Therese,
and indorsed by defendant Eugene, as follows: "I hereby
guarantee the payment of the within note, waiving notice
of protest." Plaintiff recovered verdict and judgment in
both courts.

C. L. Costigan was the son of the defendants, and kept
a grocery store and saloon. After his death, defendant
Eugene was appointed administrator, and testified that, as
such, he continued to carry on the business of his deceased
son for the benefit of his estate, notwithstanding he
showed no authority for doing so, and took out the liquor
tax receipt in his own name. He attended to the saloon,
and his wife to the grocery. Plaintiff owned the building.
Eugene executed a lease to him in the name of C. L. Cos-
tigan, his son who was dead; plaintiff, however, suppos-
ing that to be the name of the defendant, and that he
was the one who executed the lease. Therese and her
husband testified that she purchased from him, as ad-
ministrator, the stock of goods and business, shortly
before giving the notes. The defense was that these
notes had no reference to her own property, and that,
therefore, she, being a married woman, was not liable.
The court instructed the jury that plaintiff could not
recover unless the undertaking sued upon had reference
to her sole property, or unless she purchased the property,
and that the rent for which these notes were given was
a part of the consideration for the purchase. It is
claimed that there was no testimony upon which to base
this instruction. We cannot concur in this view. She
had purchased the property at the time the notes were
given, and was in possession of the building. There was
evidence tending to show that Mrs. Costigan had owned
the stock for a long time. The inferences to be drawn
from all the evidence were properly left to the jury, who

were carefully instructed as to the rules, applicable to the case.

The judgment is affirmed.

The other Justices concurred.