JOHNSON v. COSTIGAN.[1]

1. HUSBAND AND WIFE—PARTNERS—CREDIT—EVIDENCE.
   Evidence, in an action against a wife for the price of goods, that upwards of 40 notes, running through a period of several years, were given to plaintiffs, having only her signature, and that the business was done in her name, and the credit extended to her alone, was sufficient to justify a finding that she was a sole trader, and not a partner with her husband, though both testified that they were partners.

2. SAME—INSTRUCTIONS.
   Where, in an action against a wife for the price of goods, the jury were explicitly told that if, as defendant claimed, the goods were sold to defendant and her husband as partners, there could be no recovery in that action, a further instruc-

[1] Rehearing denied April 3, 1900.

tion that, notwithstanding "they were doing business with other people, they had a right to make this contract, * * * and, if they made it, they are bound by it," was not prejudicially erroneous, though, standing alone, it might be held misleading.

Error to Wayne; Donovan, J. Submitted November 17, 1899. Decided January 23, 1900.

*Assumpsit* by Waldo M. Johnson and Richard O. Wheeler, copartners as Johnson & Wheeler, against Theresa L. Costigan, for goods sold and delivered. From a judgment for plaintiffs, defendant brings error. Affirmed.

*Malcolm C. Yerkes* (*Bacon & Palmer*, of counsel), for appellant.

*Lucius H. Collins* (*William B. Jackson*, of counsel), for appellees.

MOORE, J. The plaintiffs are wholesale grocers. They recovered a judgment against defendant for groceries which they claim were sold to her. It is the claim of defendant that she formed a partnership with her husband under the name of T. L. Costigan & Co., and that the goods were sold to the firm, and that, as under the Michigan decisions she could not engage in a partnership with her husband, she is not liable. The record discloses that the defendant in this case was the defendant in *Sherrod* v. *Costigan*, 111 Mich. 644, and the business involved in this transaction is the same business which was the subject of controversy in that case. The defendant submitted two special questions to the jury: *First.* Were Mr. Costigan and defendant doing business as partners in September, 1894, and thereafter? *Second.* Did Mrs. Costigan, the defendant, authorize Mr. Costigan to purchase goods of plaintiffs, and have them charged to her alone? The first of these questions was answered "No," and the last one "Yes."

It is claimed by defendant a verdict should have been directed in her favor, for the reason that the testimony showed the sales were made to T. L. Costigan & Co. It is true, Mr. Costigan and his wife both swear that the business was done, not as the business of Mrs. Costigan, but as the business of T. L. Costigan & Co.; but their cross-examination showed that upwards of 40 notes, running through a period of several years, were given to the plaintiffs, having the signature of no one but the defendant,—notes that were signed by her personally. It also appeared that she claimed to have bought the business from her husband, as administrator of the estate of her son, who had formerly conducted the business, for the sum of $1,400, while the testimony offered on the part of the plaintiffs tended to show the business was done in the name of Mrs. Costigan, and the credit was extended to her alone. We think there was an abundance of testimony to justify the verdict of the jury.

It is claimed by the defendant that the jury included in their verdict a sum of money loaned to the husband of the defendant to enable him to pay his saloon license. These items do appear in the bill of particulars, but the husband testified they had been paid, and we do not think it can be said these amounts were included in the verdict.

Some witnesses were sworn on the part of defendant who testified they had dealt with the firm of T. L. Costigan & Co. In his charge the judge used this language:

"I will say to the jury that, if they were doing business with other people, they had a right nevertheless to make this contract with Johnson & Wheeler, as the plaintiffs claim, and, if they made it, they are bound by it; if she made it, she is bound by it."

It is claimed this is error. The language is not clear, and, standing alone, might mislead the jury; but the court, in another portion of his charge, told the jury very clearly and explicitly that, if these goods were sold to Costigan & Co., plaintiffs could not recover. They were also told that, unless the contract related to the separate estate of

the defendant, plaintiffs could not recover. The answers of the jury to the special questions indicate very clearly that they did not believe the firm of Costigan & Co. had any existence, and it is evident the portion of the charge quoted did not mislead them.

Some question is made as to the admission of evidence. We are not satisfied from an examination of the record that reversible error was committed.

The judgment is affirmed.

The other Justices concurred.